1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID W. WILSON,

11             Plaintiff,                    No. CIV S-06-2183 WBS DAD P

12        vs.

13   JAMES TILTON, et al.,

14             Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16             Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking

17   relief pursuant to 42 U.S.C. § 1983 and has applied for leave to proceed in forma pauperis under

18   28 U.S.C. § 1915.  Plaintiff has also filed a motion for temporary restraining order or preliminary

19   injunction.

20             The defendants are employees of the California Department of Corrections and

21   Rehabilitation (CDCR).  Plaintiff is informed that the district court is required to screen every

22   complaint brought by a prisoner seeking relief against a governmental entity or an officer or

23   employee of a governmental entity.  See 28 U.S.C. § 1915A.  The court must dismiss a complaint

24   if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which

25   relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

26   28 U.S.C. § 1915A(b).  See also 28 U.S.C. § 1915(e)(2) (requiring the district court to dismiss a

1

1  case in which the plaintiff seeks to proceed in forma pauperis, if the action is frivolous or

2  malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such

3  relief).

4          The plaintiff in this case is confined in California Medical Facility (CMF).  The

5  defendants are employed at CMF or in Sacramento at the headquarters of the CDCR.  Plaintiff

6  alleges that he suffers from "psychosis with DEMONS" and has been assigned to a single cell for

7  many years because of his mental problems.  Although the remainder of plaintiff's allegations are

8  confusing, his exhibits reveal that he filed multiple appeals seeking permanent single-cell status,

9  psychotherapy that meets his demands, or a transfer to Atascadero.  The appeals were denied, but

10  plaintiff continued to be housed in a single cell.  Plaintiff recently decided that he wants "to

11  attempt living with another Inmate."  When he asked to be double-celled with a specific inmate,

12  the request was denied.  Plaintiff's prayer for relief is as follows:

13          Order Warden VEAL to not double cell Plaintiff Wilson unless
            Plaintiff & other Inmate sign cell compatibility Form, and same to
14          apply to all mental patients, and Inmate's Primary Clinician
            approves double cell living, or incidents exonerated.  Plaintiff
15          Wilson Ordered sent to Atascadero Hospital & allowed to keep
            Typewriter & Legal Books/Materail [sic], with 1 battery operated
16          AM/FM C/D Cassette Radio, & 1 battery operated 9 inch TV, in
            cell & access to Typewriter 6 hours a day.  Order Plaintiff or any
17          Mental Patient injured due to forced double cell living with out
            signed compatibility Form to receive damages for physical pain,
18          Emotional Stress, Mental Anguish, Future Detriment, & Punitive
            damages against defendant's TILTON, VEAL, SILBAUGH.

19

20  (Compl. at 3.)

21          Plaintiff alleges that there is a grievance procedure, that he filed a grievance

22  concerning the facts relating to his complaint, and that the grievance process was completed.

23  Plaintiff's factual allegations and exhibits contradict the allegation of exhaustion.  Plaintiff

24  alleges as follows:  he and the inmate of his choice signed a cell compatibility form for

25  assignment to the same cell; plaintiff showed the form to an officer on September 18, 2006, and

26  was told he had to go to the psychiatric treatment team; on September 19, 2006, plaintiff showed

1  the form to defendant Breda and requested a cell move; defendant Breda talked to psychiatric

2  staff and correctional staff; plaintiff was told that correctional staff would decide which inmates

3  were housed together; on September 24, 2006, plaintiff wrote to the warden concerning the

4  refusal of his request to be double-celled with the inmate he has chosen.  Plaintiff's complaint is

5  dated September 26, 2006, and was received for filing on October 3, 2006.  Plaintiff has not filed

6  a grievance concerning (1) his current desire to be double celled, (2) the double celling of

7  inmates who have not signed cell compatibility forms, (3) plaintiff's current desire for a transfer

8  to Atascadero State Hospital, or (4) the property issues alleged in this case.

9             By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

10  U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

11  under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

12  prison, or other correctional facility until such administrative remedies as are available are

13  exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

14  prison life, whether they involve general circumstances or particular episodes, and whether they

15  allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

16             Exhaustion of prison administrative procedures is mandated regardless of the

17  relief offered through such procedures.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A remedy

18  is available for purposes of § 1997e(a) as long as the administrative process has authority to take

19  some action in response to the prisoner's grievance, even if the action that might be taken is not

20  the remedial action sought by the prisoner.  Id. at 736.  Courts may not read futility or other

21  exceptions into the statutory exhaustion requirement of the PLRA.  Id. at 741 n.6.

22             A prisoner's concession to nonexhaustion is a valid ground for dismissal of an

23  action.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d

24  1198, 1200-01 (9th Cir. 2002) (per curiam).  If the court concludes that the prisoner has not

25  exhausted administrative remedies, "the proper remedy is dismissal of the claim without

26  prejudice."  315 F.3d at 1120.

1	Here, plaintiff's conclusory allegation of exhaustion is contradicted by his factual

2	allegations and his exhibits.  Plaintiff's application to proceed in forma pauperis should be

3	denied, plaintiff's motion for injunctive relief should be denied, and this case should be

4	dismissed without prejudice to the filing of a new civil rights action after plaintiff has exhausted

5	available administrative remedies.[1]  See McKinney, 311 F.3d at 1200-01 (holding that it would

6	undermine attainment of congressional objectives to permit a prisoner to exhaust administrative

7	remedies while proceeding with a federal suit).

8	In accordance with the above, IT IS RECOMMENDED that:

9	1.  Plaintiff's October 3, 2006 application to proceed in forma pauperis be denied;

10	2.  Plaintiff's December 20, 2006 motion for injunctive relief be denied; and

11	3.  This action be dismissed without prejudice for failure to exhaust available

12	administrative remedies before bringing the action.

13	These findings and recommendations will be submitted to the United States

14	District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

15	twenty days after being served with these findings and recommendations, plaintiff may file

16	written objections with the court.  A document containing objections should be titled "Objections

17	to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

18	objections within the specified time may, under certain circumstances, waive the right to appeal

19	the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20	DATED: December 27, 2006.

22	DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

23	DAD:13
wils2183.efr

---

[1]	A new action brought after exhaustion is complete should not bear the case number
assigned to this action.

4